FROM MARTIN.
"This agreement, made by the undersigned parties, witnesseth, that for the consideration of six hundred dollars paid by the said William Wilson in notes to said Stapleton Powell, the said Powell agrees, and does by these presents agree, to bind himself, his heirs and assigns, to deliver William Wilson, his heirs and assigns, four hundred barrels of turpentine, to wit, one hundred barrels of dipped to be delivered, etc., by 1 August, and three hundred of mixed, to be delivered, etc., by 1 January, 1826. In witness whereof, etc., this January, 1825. In addition to the above the said William Wilson agrees to take the balance of said Powell's crop, say one (191) hundred barrels, more or less, for which the said Wilson is to allow and pay the said Powell one dollar and fifty cents per barrel, in goods out of Justin L. Edwards' store, or in some note of hand against a good person. "WILLIAM WILSON.
"Witness WM. R. BENNETT. "STAPLETON POWELL."
The subscribing witness to this agreement testified that it was executed in the counting-room of the plaintiff's store, who was also present, but whether he was privy to its contents did not appear; that Wilson removed to the State of New York in February, 1825, having sold out his stock of goods to the plaintiff, who still owed him for the price of them; that on 1 August, 1825, the defendant delivered to the plaintiff 100 barrels of turpentine; on 15 November following 250 barrels, and on 17 December of the same year 265 barrels, amounting to 615 barrels, for all of which the plaintiff gave written acknowledgments, stating the receipt to be either on account of William Wilson, or as his agent. *Page 121 
A good deal of testimony, consisting of admissions by the parties, was offered on both sides, which it is unnecessary to state. The plaintiff proved on attachment sued out by the defendant against Wilson for the turpentine delivered, over and above the $400, in which he (the plaintiff) was summoned as a garnishee.
His Honor informed the jury that if the plaintiff had furnished the goods under an express agreement that they were to be paid for by Wilson, and that he was to depend upon Wilson only for payment, or if, knowing the terms of the contract between Wilson and the defendant, he believed they were taken up by the latter upon the faith of that contract, and that Wilson was to be looked to for payment, (192) they ought to find for the defendant; otherwise they ought to find for the plaintiff.
The counsel for the defendant requested the judge to charge the jury that if the plaintiff had furnished the defendant with the goods before 17 December, 1825, and on that day, without a knowledge of the contract, had received the surplus of the defendant's crop under the contract, its receipt was in payment for the goods. But his honor, thinking that if the goods were furnished the defendant on his own credit, and were understood by him to be so furnished, the debt being then due to the plaintiff in his own right, and the turpentine delivered to him as the agent of another, the one was not a payment of the other, without evidence of an actual application of it in that way, refused to give the jury such instructions.
A verdict was returned for the plaintiff, and the defendant appealed.
I think that the charge of the judge below was correct. Although the defendant might have expected that his account with the plaintiff would have been settled by the turpentine delivered to him under the contract with Wilson, yet it ought to have occurred to him that Edwards could not apply it to that purpose without the consent of Wilson, although he might have been disposed to do so.
Neither could the plaintiff have applied the surplus turpentine delivered to him on 17 December to the discharge of the defendant's account, because he received that also as the agent of Wilson, under the same contract which Wilson and Powell, the defendant, had entered into. It is true that it was to be paid for in goods from the plaintiff's store, or by a note on some good person. But the parties to this contract had not agreed to the specific mode of payment. If they had, it does not appear that it was made known to the plaintiff; and if it had (193) *Page 122 
been, I see it nowhere stated that he was bound to take turpentine, in discharge of defendant's account. I can not see that the fact that plaintiff was Wilson's debtor can alter the view I have taken of the case, or the view which the defendant himself took of it when he procured an attachment to be issued against Wilson.
I think that the judgment of the Superior Court should be affirmed.
PER CURIAM. No Error.